UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| United States of America | |
|---|---|
| v. | |
| Leigh F. Murray, | |
| *Defendant*. | |

**Deferred Prosecution Agreement**

**20 Mag. 1480**

TO:  Leigh F. Murray

      On February 10, 2020, a United States Magistrate Judge sitting in the Southern District of New York issued an arrest warrant based on a criminal complaint charging you with international parental kidnapping, in violation of Title 18, United States Code, Section 1204.

      You hereby admit the allegations in the February 10, 2020 complaint. Specifically, on or about September 26, 2019, after you were charged with driving while intoxicated in violation of the New York Vehicle and Traffic Law, the East Fishkill Town Court issued a temporary order of protection requiring you to stay away from your then-four-year-old son ("J.M.P.") except for contact, communication or access permitted by a subsequent order issued by a family or supreme court. J.M.P.'s father had sole custody of J.M.P. thereafter. On or about November 20, 2019, a New York Family Court sitting in Putnam County issued an order granting you, among other things, one supervised visit per week with J.M.P. On or about January 26, 2020, during one such supervised visit, you kidnapped J.M.P. Rather than return J.M.P. to his father at the end of your visit, you took J.M.P. on an international flight to Dublin, Ireland.

      In addition to the facts set forth in the February 10, 2020 complaint, you also admit the following facts. *First*, when you took J.M.P. to Ireland, you did not intend to return him to his father in the United States. *Second*, when you took J.M.P. to Ireland, you knew that J.M.P.'s father had custody of J.M.P. under New York law, and that you were prohibited from taking J.M.P. away from his father or out of the country, pursuant to the temporary order of protection and family court order described above. *Third*, when you took J.M.P. to Ireland, you knew it was a violation of law to take J.M.P. away from his father and out of the country. *Fourth*, you kept J.M.P. in Ireland until June 2020, and only agreed to return him after you were arrested and extradition proceedings commenced in Ireland.

      Although you have admitted to this conduct, it has been determined that the interest of the United States and your own interest will best be served by deferring prosecution in this District. Prosecution will be deferred during the term of your good behavior and satisfactory compliance with the terms of this agreement.

      You and the United States agree that, at all times after you sign this agreement, you have the opportunity to leave the United States, and that solely for purposes of Article XI of the Treaty on Extradition between the United States and Ireland and The Instrument contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed June 25, 2003, as to the application of the Treaty on Extradition between the United

States and Ireland, this agreement constitutes final discharge in respect of the offense for which you were extradited from Ireland to the United States on or about June 24, 2020.

For the period of one year from the signing of this agreement,[1] you will comply with the below terms and conditions constituting your good behavior:

(1) You shall refrain from violation of any law (federal, state and local). You shall immediately contact your U.S. Pretrial Services Officer if arrested or questioned by a law-enforcement officer.

(2) You shall associate only with law-abiding persons.

(3) You shall work regularly at a lawful occupation, regularly attend school, and/or support your legal dependents, if any, to the best of your ability. When out of work or not attending school you shall notify your supervising U.S. Pretrial Services Officer. You shall consult him or her prior to job and school changes.

(4) You shall not leave the Southern District of New York without permission of your supervising U.S. Pretrial Services Officer. You understand and agree, however, that you could seek approval from your supervising U.S. Pretrial Services Officer to travel, including travel outside of the United States.

(5) You shall notify your supervising U.S. Pretrial Services Officer immediately of any change in your place of residence.

(6) You shall follow your supervising U.S. Pretrial Services Officer's instructions and advice.

(7) You shall report to your supervising U.S. Pretrial Services Officer as directed.

(8) You shall participate in substance abuse treatment as directed by your supervising U.S. Pretrial Services Officer.

(9) You shall not use alcohol at any time.

(10) You shall not use or unlawfully possess any narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to you by a licensed medical practitioner.

(11) You shall submit to testing for prohibited substances if required by your supervising U.S. Pretrial Services Officer, which testing may be used with random frequency and may include urine testing, the searing of a sweat patch, a remote alcohol testing system, and/or any other form of prohibited substance screening or testing. You shall not obstruct,

---

[1] The parties agree that this one-year period will not be tolled during any period in which you are incarcerated in connection with conduct that occurred before you signed this agreement.

07.29.2012

attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(12) You shall comply with all orders issued by any Family Court and any New York State Court, and with all conditions imposed by the New York Office of Children and Family Services and any other state or local child protective services authority.

(13) You shall comply with all restrictions on any driver's license(s), and to the extent any restrictions are or would be imposed on any New York State driver's license, you shall refrain from seeking or obtaining a driver's license in any other state.

In addition, you and the United States agree to the following special conditions:

    The United States Attorney may at any time revoke or modify any condition of this provisional release or change the period of such supervision. The United States Attorney may discharge you from supervision at any time. The United States Attorney may at any time proceed with the prosecution for this offense should the United States Attorney, in his or her sole discretion, deem such action advisable.

    If upon completion of your supervision a written report from your supervising U.S. Pretrial Services Officer is received to the effect that you have complied with all the rules, regulations and conditions and special conditions applicable to your deferred prosecution, no further prosecution will be instituted in this District for the above offense.

Dated: White Plains, New York
       January 7, 2021

                  AUDREY STRAUSS
                  Acting United States Attorney for the
                  Southern District of New York

By: _____
     Derek Wikstrom
     Assistant United States Attorney
     Tel.: (914) 993-1946

07.29.2012

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____
Derek Wikstrom
Assistant United States Attorney
Tel.: (914) 993-1946

The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§3161 et seq., and any other pertinent provisions, and consents to the adjournment of all pending proceedings in this case. The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed. It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

Dated:   White Plains, New York
         January ___, 2021

_____     /s/ Leigh Murray
Susanne Brody, Esq.                  Leigh F. Murray
Attorney for Defendant               Defendant

Pursuant to 18 U.S.C. §3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this agreement is hereby approved.

Dated:   White Plains, New York
         January ___, 2021

_____
Judith C. McCarthy
United States Magistrate Judge

The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§3161 et seq., and any other pertinent provisions, and consents to the adjournment of all pending proceedings in this case.  The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.  It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

Dated:  White Plains, New York
            January ___, 2021

_____          _____
*Susanne Brody*
Susanne Brody, Esq.                                                 Leigh F. Murray
Attorney for Defendant                                           Defendant



Pursuant to 18 U.S.C. §3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this agreement is hereby approved.

Dated:  White Plains, New York
            January___, 2021

                                                                     _____
                                                                     Judith C. McCarthy
                                                                     United States Magistrate Judge



The undersigned hereby consents to the foregoing and will accept supervision of the above-named defendant on the conditions set forth herein.

Dated:  White Plains, New York
            January ___, 2021

                                                                     _____
                                                                     Leo Barrios
                                                                     United States Pretrial Services Officer


07.29.2012

The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§3161 et seq., and any other pertinent provisions, and consents to the adjournment of all pending proceedings in this case.  The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.  It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

Dated: White Plains, New York
January ___, 2021

_____          _____
Susanne Brody, Esq.                                                Leigh F. Murray
Attorney for Defendant                                          Defendant


Pursuant to 18 U.S.C. §3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this agreement is hereby approved.

Dated: White Plains, New York
January 12, 2021

_____
Judith C. McCarthy
United States Magistrate Judge


The undersigned hereby consents to the foregoing and will accept supervision of the above-named defendant on the conditions set forth herein.

Dated: White Plains, New York
January ___, 2021

_____Vincent B. Adams for Leo Barrios
Leo Barrios
United States Pretrial Services Officer

07.29.2012